| Filer's Name, Address, Phone, Fax, Email: |  **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF HAWAII**<br>1132 Bishop Street, Suite 250<br>Honolulu, Hawaii 96813 | |
|---|---|---|
| | | hib_3015-1val (12/09) |
| *Debtor Name:*<br><br>*Address:* | SSN (last 4 digits): | *Case No.:* |
| *Jt Debtor Name:*<br>   (if any)<br>*Address* (if not same as above): | SSN (last 4 digits): | Chapter 13 |

| AMENDED **CHAPTER 13 PLAN MOTION TO VALUE COLLATERAL; NOTICE OF DEADLINE TO OBJECT** | |
|---|---|
| Secured Creditor (name and address): | Account No.<br>[at least last 4 digits] |

| Collateral (if real property, state address or tax map key; if vehicle, state Vehicle I.D. No., Year, Make, Model, Mileage): |
|---|
| ☐ If checked, subject property is debtor's principal residence. |

| Date debt incurred: | Total amount creditor(s) claim as secured: $ | |
|---|---|---|
| Debtor's valuation: $ | Value based on: | |
| Chapter 13 Plan proposes treating this claim as secured to the extent of:<br>(Balance of claim to be treated as general unsecured claim unless plan states otherwise.) | | $ |
| ☐ **If checked, valuation may arguably be contrary to the Bankruptcy Code under 11 U.S.C. § 1325(a).** | | |

Pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012, Debtor moves to value the above-described property and to modify the rights of the above-named creditor under 11 U.S.C. § 1322(b)(2). Based on the allegations stated below and in any supplemental documents, Debtor requests that the court make the valuation stated above. Debtor further requests that the valuation supersede any amount asserted as secured in the creditor's proof of claim. Debtor alleges the following security interests in the subject property.

| Creditor (by seniority) / Nature of interest (e.g., mortgage, judgment, vehicle loan) | Balance due – good faith est. |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |

| NOTICE |
|---|
| NOTICE IS HEREBY GIVEN that this motion filed by the Debtor(s) concerns your interest in the above-described Property and is related to the Chapter 13 Plan being proposed by the Debtor(s), a copy of which should have been sent to you separately.<br><br>**Your rights may be affected.** You should read the motion or application and the accompanying papers carefully and discuss them with your attorney if you have one in this bankruptcy case or proceeding. (If you do not have an attorney, you may wish to consult one.)<br><br>**If you do not want the court to approve the proposed treatment of your claim, or if you want the court to consider your views on the motion, then you or your attorney must file an Objection to Confirmation of Chapter 13 Plan <u>not later than 7 days before the confirmation hearing date, or 21 days after the filing of this motion, whichever is later</u>.** Your objection will be considered at the confirmation hearing.<br><br>If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the deadline stated above. Responses must be filed with the court at: **United States Bankruptcy Court, District of Hawaii, Suite 250, Honolulu, HI 96813**, and sent to the moving party at the address in the upper left corner of this document.<br><br>If you or your attorney do not file a timely objection, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting the relief requested by the Debtor(s). The determination made in such an order will supersede any security interest stated in a proof of claim that you have filed or will file. |
| **ADDITIONAL NOTICE OF PROVISION ARGUABLY CONTRARY TO BANKRUPTCY CODE** |
|     IF CHECKED, FURTHER NOTICE IS GIVEN that one or more provisions in the proposed Chapter 13 Plan may arguably be contrary to the Bankruptcy Code. If so, the court may grant the motion to value collateral and confirm the plan **only** if you accept the treatment of your claim under the plan. **If you do not want to accept the plan, you must file a timely objection to this motion and the plan.** If you do not file a timely objection, you will have accepted the plan. If the court enters a confirmation order, the plan's provisions will be binding on you and the Debtor(s).<br><br>        The plan provides that you will NOT retain your lien in the subject property until paid in full under nonbankruptcy law or until a discharge is issued to the Debtor(s).<br><br>        The plan provides for less than full payment of a debt that (1) is secured by a purchase money security interest in the motor vehicle described above and (2) was incurred within 910 days preceding the date of the filing of the bankruptcy petition.<br><br>        The plan provides for less than full payment of a debt that (1) is secured by a purchase money security interest in the property described above and (2) was incurred within 1 year preceding the date of the filing of the bankruptcy petition.<br><br><br>Dated: _____ /s/ _____<br>                                                               Signature                              (print name if original signature) |